IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-150-BO

GERALDINE L. VANDEVENDER, Administrator )
of the Estate of DEL RAY BAIRD, deceased, and )
JACQUELINE ANN BAIRD, deceased, et al., )
)
    Plaintiffs, )
) **O R D E R**
v. )
)
BLUE RIDGE OF RALEIGH, LLC d/b/a )
BLUE RIDGE HEALTH CARE CENTER, et al., )
)
    Defendants. )

This matter is before the Court on plaintiffs' motion to remand and for attorney's fees [DE 15]. For the reasons stated herein, plaintiffs' motion is DENIED.

## BACKGROUND

Plaintiffs, administrators of the estates of deceased persons who were residents of North Carolina at the time of their deaths, and Samuel Kee, Sr., individually, filed the original complaint in Wake County Superior Court on December 23, 2013. On January 28, 2014, Plaintiffs filed an amended complaint. In the amended complaint plaintiffs bring state law claims for medical and/or professional negligence, ordinary corporate negligence, ordinary negligence, wrongful death, intentional and negligent infliction of emotional distress, breach of contract, and punitive damages. These allegations stem from the treatment and deaths of four individuals while being cared for at the Blue Ridge Health Care Center ("BRHCC") facility at 3830 Blue Ridge Road, Raleigh, NC 27612. Defendant Blue Ridge of Raleigh, LLC ("Blue Ridge") is alleged to have held the license to operate the nursing home, BHRCC, where each of the deaths occurred in this case.

1

On March 13, 2014, defendant Care One, LLC filed a notice of removal which removed the case to this Court. The removal is based this Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332. Plaintiffs now move for remand and attorney's fees, arguing that complete diversity of citizenship between the parties does not exist and therefore this Court does not have subject matter jurisdiction.

## DISCUSSION

An action is removable to federal court only if it could have been brought in federal court. 28 U.S.C. § 1441(a). A civil action may be brought in federal court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. *Id.*

Plaintiffs allege that removal was improper because defendant Blue Ridge is a citizen of North Carolina. Plaintiffs base this assertion on their argument that Blue Ridge was incorporated in North Carolina, and a corporation is deemed to be a citizen of every State by which it has been incorporated. However, plaintiffs' argument misidentifies what type of legal entity Blue Ridge is and how its status as a limited liability company ("LLC") is treated by the courts for diversity of citizenship purposes.[12]

Blue Ridge was clearly organized pursuant to the North Carolina Limited Liability Company Act and submitted Articles of Organization to the North Carolina Secretary of State which unambiguously state that those Articles were prepared and submitted "for the purpose of

---

[1] Plaintiffs do not challenge the $75,000 threshold as a basis for remand and the Court does not discuss it here.
[2] Plaintiffs also do not challenge the citizenship of the defendants other than Blue Ridge. Therefore, the only issue the Court discusses is whether or not Blue Ridge is a citizen of North Carolina.

2

forming a [LLC]." [DE 15-1]. "A [LLC] organized under the laws of a state is not a corporation and cannot be treated as such under section 1331 until Congress says otherwise." *Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). "It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Id.* The Fourth Circuit has been consistent and clear on this point. *See Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company [] is determined by the citizenship of all of its members []."). Therefore, to determine the citizenship of Blue Ridge, the Court must look to the citizenship of its members.

Per the declaration of Thomas McKinney, the members of Blue Ridge are citizens of the State of New York and the State of New Jersey. [De 17-1]. This is as was laid out in the notice of removal. [DE 1 ¶ 6]. A notice of removal is subject to the same notice pleading standard found in FED. R. CIV. P. 8(a). *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008). The allegations in a notice of removal are sufficient if they include "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

Accordingly, the Court finds that there is complete diversity of citizenship present here and the requirements of 28 U.S.C. §§ 1441 and 1332 have been met. Removal was proper and the motion to remand is denied. Because removal was proper, Care One, LLC obviously had "an objectively reasonable basis for seeking removal" and plaintiffs' motion for attorney's fees is denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

3

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand is DENIED and plaintiffs' motion for attorney's fees is DENIED. The matter may proceed in its entirety.

SO ORDERED.

This the ⸺ day of June, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE