IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-150-BO

GERALDINE L. VANDEVENDER, Administrator )
of the Estate of DEL RAY BAIRD, deceased, and )
JACQUELINE ANN BAIRD, deceased, et al., )
)
    Plaintiffs, )
) **O R D E R**
v. )
)
BLUE RIDGE OF RALEIGH, LLC d/b/a )
BLUE RIDGE HEALTH CARE CENTER, et al., )
)
    Defendants. )

This matter is before the Court on plaintiffs' motion to dismiss defendants' affirmative defenses and defendants' motion for leave to file their answer out of time. For the reasons discussed below, defendants' motion for leave to file out of time is granted and plaintiffs' motion to dismiss defendants' affirmative defenses is granted.

## BACKGROUND

Plaintiffs filed this action on December 23, 2013, in Wake County Superior Court. By order entered August 4, 2014, this Court denied defendants' motion to dismiss plaintiffs' complaint. Plaintiffs now seek to dismiss defendants' affirmative defenses included in their answer filed on August 20, 2014. Plaintiffs argue that the answers were not timely filed and that the affirmative defenses have been improperly pleaded. Defendants Blue Ridge of Raleigh, Care Virginia Management, and Care One have moved for leave to file their answers out of time.

## DISCUSSION

I. MOTION FOR LEAVE TO FILE

The Court first considers defendants' motion for leave to file answers out of time. Counsel's neglect in miscalculating the deadline by which to file an answer is excusable, and therefore, for good cause shown, the Court deems as timely filed defendants' answers filed on August 20, 2014.

II. MOTION TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES

In light of the foregoing, the Court denies plaintiffs' request to dismiss defendants' affirmative defenses for being untimely filed. Plaintiffs also move to dismiss defendants' affirmative defenses as improperly pleaded. The Court will construe plaintiffs' motion to dismiss as a motion to strike.

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In considering whether to allow a motion to strike an affirmative defense, the Court applies the same pleading requirements as those applied to a complaint; in other words, the Court considers whether the defenses pleaded contain "more than labels and conclusions" or "a formulaic recitation of the cause of action." *See Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (following the majority of courts in this circuit that mandate the same pleading requirements for affirmative defenses as for complaints) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Defendants have pleaded nine affirmative defenses; plaintiffs' challenge the third (doctrine of assumption of risk), fourth (failure to mitigate damages and the doctrine of avoidable consequences), fifth (all equitable defenses, including laches, waiver, estoppel, set off, and unclean hands), and sixth (all applicable statutes of limitations and repose) affirmative defenses as insufficient. "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense." *Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. L-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010).

In support of each of the challenged defenses, defendants assert no facts at all, much less any facts that would permit the Court to draw a reasonable inference that would suggest a cognizable defense. Each challenged defense is a formulaic recitation and is therefore STRICKEN. Indeed, given the nature of plaintiffs' claims, some of the raised affirmative defenses, such as failure to mitigate damages and unclean hands, appear to be the result of defendants "tossing [affirmative defenses] into the case like a fish hook without bait." *Palmer v. Oakland Farms, Inc.*, No. 5:10CV00029, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010).

## CONCLUSION

For the foregoing reasons, defendants' motion for leave to file answers out of time [DE 51] is GRANTED. Plaintiffs' motion to dismiss, construed as a motion to strike, defendants' affirmative defenses [DE 46] is GRANTED. Defendants' third, fourth, fifth, and sixth affirmative defenses are STRICKEN.

Defendants are permitted, however, to amend their answers within fourteen days of the date of entry of this order to include properly pleaded affirmative defenses. Moreover, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave shall be freely given if justice so

3

Case 5:14-cv-00150-BO   Document 61   Filed 01/27/15   Page 3 of 4

requires should defendants seek to amend their answers to include an affirmative defense, the existence of which is uncovered during discovery.

SO ORDERED.

This the 23 day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE