IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-150-BO

| | |
|---|---|
| GERALDINE L. VANDEVENDER, Administrator of the Estate of DEL RAY BAIRD, deceased, and JACQUELINE ANN BAIRD, deceased, RALPH D. JONES, JR., NORWOOD R. JONES and LISA J. PATE, Co-Executors of the Estate of ELIZABETH J. JONES, deceased, and JOYCE K. HARRISON, Administrator of the Estate of BETTIE MAE KEE, deceased, and SAMUEL KEE, SR., Individually,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE RIDGE OF RALEIGH, LLC d/b/a BLUE RIDGE HEALTH CARE CENTER, CARE VIRGINIA MANAGEMENT, LLC d/b/a CAREVIRGINIA, and CAREONE, LLC d/b/a CAREONE,<br><br>Defendants. | **ORDER** |

This matter is before the court on Plaintiffs' motion to compel production of documents in response to previously issued subpoenas [DE #55]. Defendants have responded, and Plaintiffs subsequently replied. The matter is, therefore, ripe for ruling.

### BACKGROUND

On December 23, 2013, Plaintiffs filed an action in Wake County Superior Court asserting various tort claims against Blue Ridge of Raleigh, LLC, Raleigh Regional Rehab Center, LLC, Care Virginia Management, LLC, N.C. Management Holdings, LLC, and Care One, LLC, as a

result of the death of certain residents of Blue Ridge Health Care Center. On March 13, 2014, the action was removed to this court, and the court denied Plaintiffs' motion to remand on June 3, 2014. On June 16, 2014, Plaintiffs voluntarily dismissed their claims against Raleigh Regional Rehab Center, LLC, and N.C. Management Holdings, LLC.

In discovery, Plaintiffs served Care One, LLC, with Plaintiffs' Second Interrogatories and Requests for Production of Documents on July 30, 2014. Plaintiffs were not satisfied with Care One, LLC's responses, and on October 3, 2014, Plaintiffs served subpoenas on two out-of-state attorneys who are nonparties to the instant action. On October 6, 2014, counsel for Defendants sent a letter to Plaintiffs' counsel objecting to the subpoena on the following grounds: (1) it required production of documents over 100 miles away from where the subpoenaed parties reside; (2) the request could encompass "hundreds of thousands of pages" that Defendants would like to review for objection if necessary; and (3) the documents are irrelevant and improper. (Pl.'s Mot. Compel at 1 [DE #55-2].) Defendants additionally requested that Plaintiffs "delay collection of the requested materials until [the parties] have had an opportunity to meet and confer [ ] about the issues . . . ." (*Id.*) On October 10, 2014, Plaintiffs responded in a letter stating "your objection is duly noted but is insufficient" and detailed the alleged insufficiencies. (*Id.* at 2 [DE #55-3].) From the record, there appears to have been no further communication between the parties concerning the subpoenas until Plaintiffs filed their motion to compel on November 5, 2014, though Defendants state in their response and a letter dated November 6, 2014, that discussions concerning other discovery were ongoing. (Df.'s Mem. Supp. Mot. Dismiss Mot. Compel at 5 [DE #57].)

2

**DISCUSSION**

**I.     Standing**

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas to nonparties. *See generally* Fed. R. Civ. P. 26-37, 45. "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005); *see also United States v. Gordon*, 247 F.D.R. 509, 509-10 (E.D.N.C. 2007).

Defendants assert that they have been involved in litigation with the subpoenaed parties and that some of the requested documents may be subject to protective orders or confidentiality agreements in those other cases. A letter from one of the subpoenaed parties indicates the subpoena encompasses "documents that may be restricted due to a confidentiality agreement reached in settlement." (Pl.'s Reply at 1 [DE #58-1].) Thus, Defendants may have an interest in documents that are the subject of the subpoenas and to which protective orders and confidentiality agreements apply in other closed and ongoing cases.

**II.    Motion to Compel**

Rule 37 provides for motions to compel disclosures and discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (a)(3)(B). A motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule 7.1(c) requires that "[c]ounsel must . . . certify that there has been a good faith

3

effort to resolve discovery disputes prior to filing any discovery motions." Local Civ. Rule 7.1(c) (E.D.N.C. Jan. 2015).

Here, though Plaintiffs have included the required certification of good faith conference, the record does not support the assertion that Plaintiffs actually conferred with Defendants concerning the subpoenas. Plaintiffs merely show they sent a letter disagreeing with Defendants' objections to the subpoenas and then filed a motion to compel approximately one month later. Plaintiffs have not shown good faith conference as required by the Federal Rules of Civil Procedure and this court's Local Civil Rules. Therefore, Plaintiffs' motion to compel is DENIED without prejudice. In the event the parties are unable to resolve their differences concerning the subpoenas after conferring in person or by telephone, Plaintiffs may refile their motion at that time.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion to compel [DE #55] is DENIED without prejudice.

This 17th day of April 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge