# 74-1

**Rachel Fuerst**

**From:** GWB WORK [gregory@brownlawllp.com]
**Sent:** Friday, June 26, 2015 1:02 AM
**To:** Rachel Fuerst
**Cc:** Kristi Gavalier; Carma Henson; brown.; Adeyemi Mchunguzi; Lynlee Harris
**Subject:** Re: Blue Ridge Health Care Center Documents: Part 1 of 8

Send us dates for your experts or tell us no so we can take it to Judge Boyle.

Sent from my iPhone

On Jun 25, 2015, at 10:17 PM, Rachel Fuerst <rfuerst@lawmed.com> wrote:

Kristi,

I found email 2 of 8 in my spam. No idea why one went there, but it did. Thank you for sending these. I hope staying late to complete this project did not ruin your evening.

As I informed Gregory in the parking lot, no, I will not agree to the below. What I will agree, and what I told Gregory, is that I will agree that attorneys cannot waive a client's attorney-client privilege without the client's permission. Gregory's previous offer to come and look at the documents with no restrictions resulted in Carma's re-review of same. And she pulled the documents that she wanted produced today. No, we will not agree to a take-back provision.

I need to review the judge's order, because I am unsure that you can now take 5 more depositions. I will re-review that and communicate with you early next week. We will definitely get you a list quickly of those we plan to depose. For these depositions, I would ask that you hold some dates on your calendars and we will do the same.

With regard to the motion to compel, Gregory and I met, albeit briefly today on this issue. He needs to decide what barriers to put up or not to my re-filing the motion. If he can let me know those, then I can respond and we can move forward. I am certainly available next week to discuss, but I do not believe we need another in person meeting. And, quite honestly, I do not have a lot of free time.

As far as vacation, yes, please do. Obviously we will be busy over the next two months, but hopefully we can take into account pre-arranged schedules. I anticipate that much of this will take place in August.

Thank you,

Rachel

**Rachel A. Fuerst, *Attorney at Law***

Email: rfuerst@lawmed.com
Toll Free 800.452.9633

Raleigh Office
Local 919.785.4810
Local 919.781.1107
Fax 919.781.8048
2501 Blue Ridge Rd.

Rocky Mount Office
Local 252.451.2099
Local 252.443.2111
Fax 252.443.9429
2317 Sunset Ave.

Raleigh, NC 27607 P.O. Box 7008
Rocky Mount, NC 27804

This E-Mail is attorney-client and work product privileged, intended only for the person(s) to whom it is addressed. If you have received this in an error please delete message and notify me @ 800.452.9633.

<image002.png> <image004.png><image005.jpg>

**From:** Kristi Gavalier [mailto:kristi@brownlawllp.com]
**Sent:** Thursday, June 25, 2015 6:17 PM
**To:** Rachel Fuerst
**Cc:** Carma Henson; Gregory Brown; brown.; Adeyemi Mchunguzi
**Subject:** Blue Ridge Health Care Center Documents: Part 1 of 8

Dear Rachel,

Having spoken with Gregory, you know that he is in route to Richmond and, therefore, cannot send this email himself. As Gregory explained when you visited in our parking lot this evening, it was our intention to bates stamp the documents, copy them, attach them to formal discovery supplementations, and hand-deliver the materials to you at your office tomorrow. You indicated that you were leaving town and asked if we could produce these documents to you this evening, and Gregory agreed to expedite this process and scan the documents and email them to you this evening without the formal supplementation, which will be provided to you tomorrow. As Gregory mentioned, we are scanning and producing these documents on an expedited, electronic, and informal basis as a courtesy. Gregory has asked me to advise you that nothing about this production is intended or should be interpreted as a waiver of any objections or privileges that might attach to these documents. To be sure, our clients and our firm expressly reserve all rights to object to discoverability and admissibility of these documents and to impose objections based on any applicable privilege. Because we have not had the opportunity to review these documents and analyze whether a privilege exists, in the event that we determine that it does, we will place them on a privilege log and ask that you return them.

As Gregory mentioned we would like to take the depositions of your five experts and ask that you provide us dates so that we may designate and prepare expert reports in response. You indicated to Gregory that it is unlikely that you will seek to depose the defense experts, but in the event you change your mind, once we supply you with the expert reports, we will provide you with the dates of their availability for deposition examination. You have indicated that you may, in fact, desire to take up to five depositions of our clients' representatives or employees, including potential designees under Rule 30(b)(6). If you would kindly supply us with the names of the individuals that you seek to depose or a topic list under Rule 30(b)(6), we will commence securing deposition dates.

Gregory informed me that you may seek to refile your motion to compel regarding the New Jersey cases, and he asked that you provide him with dates that you would be available to meet and confer to discuss that subject.

Finally, Gregory and I both appreciate your inquiry about summer vacations and your expressed desire and willingness for the parties to attempt to accommodate family and personal time as much as possible, and we will transmit what we believe are our conflicting dates throughout the summer and ask that you do the same.

Best,
Kristi L. Gavalier
**brown.**
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27612
919.719.7267 (direct)
770.307.6289 (cell)
919.719.0858 (fax)
kristi@brownlawllp.com
www.brownlawllp.com

## Rachel Fuerst

**From:** Rachel Fuerst
**Sent:** Friday, June 26, 2015 11:59 AM
**To:** 'GWB WORK'; Lynlee Harris; Carma Henson
**Cc:** Kristi Gavalier; eric@brownlawllp.com
**Subject:** RE: DEPOSITIONS

Gregory,

I have reviewed the emails from your office and from my own, and I would respectfully suggest that maybe everyone should pause a moment. Great haste makes great waste. As was made clear from Kristi and your communications with me yesterday, we understand that members of your office are out of place. Likewise, given that Carma thinks today is Saturday, you know the same is true in our firm.

You may need to re-read my email to Kristi of yesterday evening. In that email, I wrote "I need to review the judge's order because I am unsure that you can now take more than 5 depositions. I will re-review that and communicate with you early next week." If you feel that we must communicate in haste today, then you may come to my office to confer. Additionally, should you choose to send notices to my office without first coming to the office, I obviously cannot stop you. We will continue to treat members of your firm collegially, which includes allowing them to enter our law firm.

You have given clear instructions that we may not enter the premises of your law office. Loud and clear.

If you would like to reconsider and maybe take these discussions up next week when everyone is back in place, then please let me know. That seems like a reasonable course from my perspective.

Thank you,

Rachel

Rachel A. Fuerst, Attorney at Law

Email: rfuerst@lawmed.com
Toll Free 800.452.9633
Raleigh Office Rocky Mount Office Local 919.785.4810
Local 252.451.2099 Local 919.781.1107 Local 252.443.2111 Fax
919.781.8048 Fax 252.443.9429
2501 Blue Ridge Rd. 2317 Sunset Ave.
Raleigh, NC 27607 P.O. Box 7008
Rocky Mount, NC 27804

------------------------------------------------------------------------------------------------------------------------------

This E-Mail is attorney-client and work product privileged, intended only for the person(s) to whom it is addressed.
If you have received this in an error please delete message and notify me @ 800.452.9633.

-----Original Message-----
From: GWB WORK [mailto:gregory@brownlawllp.com]

Sent: Friday, June 26, 2015 8:09 AM
To: Rachel Fuerst; Lynlee Harris; Carma Henson
Cc: Kristi Gavalier; eric@brownlawllp.com
Subject: DEPOSITIONS

We will be sending over notices for the depositions today. Since you have indicated the intent to refuse to make witnesses available and are claiming that we aren't entitled to any more depositions, please call me personally to comply with our meet and confer obligations. My cell phone is 919-696-0322. If I don't hear from you today I will represent to the Court that you refused to allow us to conduct depositions and that you refused to meet and confer. GWB.

Sent from my iPhone

**Rachel Fuerst**

**From:** Rachel Fuerst
**Sent:** Monday, June 29, 2015 2:14 PM
**To:** 'GWB WORK'
**Cc:** Carma Henson; Kristi Gavalier (kristi@brownlawllp.com); eric@brownlawllp.com; Allison Cohan; Lynlee Harris
**Subject:** RE: CONFIDENTIAL - BLUE RIDGE CASE.

Gregory, Kristi and Eric,

1. We have different interpretations of Judge Boyle's order. I reviewed it again. It reads "Each side may conduct no more than five depositions." Reading the plain language, I take that to mean that no side may conduct more than 5 depositions. Since you have already conducted more than five, this obviously works in your favor. If you choose to file a motion to request clarification from the judge, I understand. Barring such a motion and order clarifying Judge Boyle's motion, we will follow Judge Boyle's instructions and allow no further depositions from Defendants. With regard to the document production, or lack thereof, Judge Boyle's order made no mention of same. His ordered amended the previous order. Since nothing was mentioned regarding RPDs, I read this to mean that the language in the prior order, that was not amended by this new order, remains in effect. If you choose to produce no additional documents in the within case, then we will move to prohibit you from introducing into evidence, or allowing your experts or any other witnesses to refer to, any documents not produced by the Defendants.
2. This is not clear to me. And, quite honestly, you cannot have it both ways. We have been barred from your office.
3. There is some confusion on your part. This will be my last discussion of the events of last Thursday. You previously informed us that your office was open during the EDNC business hours, so Carma Henson came to your office to review and obtain documents during those hours. That same day, after Eric confirmed that we would receive a copy of those documents within the hour of her departure, both Carma and I called to speak with Eric and/or Kristi after the documents did not arrive. Carma could not reach them and neither could I. I was told by Kelly in your office, that the entire team on this case was in a meeting but she would pass on the message. I believe Kelly and I spoke twice. I told Kelly that I was planning to come to your office to save someone there the trip to our office to deliver the documents. Since we anticipated them before the end of the day, I communicated to Kelly that I would be there before the end of the day to pick them up. I heard nothing else, so I drove to your office to save everyone the trip and so I could obtain the documents. I saw you in the parking lot. And I stopped and spoke at length to you and Kristi came up to speak with you during my conversation with you. I never stepped foot in your office. While I was in your parking lot, I told you that the only privilege that I would agree had not been waived was the attorney-client privilege. And I confirmed that in an email on Thursday night. After speaking with you in the parking lot, you told Kristi, in my presence, that you would call her about getting the documents to me/our office that night. Later that night Kristi sent the documents. I never stepped foot in your office. Nor, as you know, did I even get out of my car. If you feel the need to file a motion about my conduct, then you should do so. I will not, however, continue a he said/she said discussion.
4. I have reviewed the documents that you now maintain are privileged. While we do not agree same are privileged, we will pull 02-000187-188; 02-000191-193; 02-000195-196; 02-000206; 02000217-223 from the documents produced, and give you some time to file a motion regarding same. Given the short remaining time for discovery, I can allow five (5) business days for you to file a motion on these documents. If you have not filed a motion within 5 business days, we will continue to get our case ready, using these documents.

Additionally, we need to communicate regard my re-filing of the Motion to Compel. When we spoke on Thursday in your parking lot, you said you needed to think on this issue. Please let me know when you are ready to let me know your response. As one of our five depositions, we would like to depose Myra Dotson, RT. Are you available on July 21 or 24th?

With respect to your request to remand to state court or to have Judge Swank instead of Judge Boyle hear the remainder of this case, we do not agree to same.

Thank you,

Rachel

**Rachel A. Fuerst, *Attorney at Law***

Email: rfuerst@lawmed.com
Toll Free 800.452.9633

| Raleigh Office | Rocky Mount Office |
|---|---|
| Local 919.785.4810 | Local 252.451.2099 |
| Local 919.781.1107 | Local 252.443.2111 |
| Fax 919.781.8048 | Fax 252.443.9429 |
| 2501 Blue Ridge Rd. | 2317 Sunset Ave. |
| Raleigh, NC 27607 | P.O. Box 7008 |
| | Rocky Mount, NC 27804 |

This E-Mail is attorney-client and work product privileged, intended only for the person(s) to whom it is addressed. If you have received this in an error please delete message and notify me @ 800.452.9633.

**From:** GWB WORK [mailto:gregory@brownlawllp.com]
**Sent:** Friday, June 26, 2015 4:53 PM
**To:** Rachel Fuerst
**Cc:** GWB WORK; Carma Henson; Kristi Gavalier (kristi@brownlawllp.com); eric@brownlawllp.com; Allison Cohan
**Subject:** CONFIDENTIAL - BLUE RIDGE CASE.

Dear Rachel,

I write to address several open items that I believe warrant notice to you and clarification from us. As an initial matter, if you have already left for vacation, I apologize for invading your personal time. Next, I think we would both agree that over the past few days, a modicum of hostility has entered our interactions. What I am trying to do is express my positions and frustrations in the hopes that we can collectively and cooperatively move this case forward in a more civil and efficient manner. Some of what I am about to say may not come across as very charitable. I am not putting forth these positions to irritate or incite you, but rather to get everything on the table and bring us closer to a semblance of a professional working relationship. You have suggested that everyone, our team and yours, take a deep breath and reconsider whether our current approaches are wise and necessary. I concur. Thomas Jefferson said that one should count to ten before speaking, and that, when angry, one should count to one hundred. In total candor, the events of the past 48 hours have made me angrier than normal. I feel that we have been asked and have extended concession and courtesy after concession and courtesy, only to be refused basic rights and courtesies in return. I am certain you disagree, and I welcome the chance to discuss these issues in person. Having counted to one hundred several times over, allow me to offer the following points:

1. The Interpretation of Judge Boyle's Order. From what I saw and heard in Court on Wednesday, I believe that Judge Boyle wants to put an end to lengthy discovery and delays in this case but was giving us a small amount of time to conduct a modest amount of additional discovery. We believe it is reasonable to

interpret Judge Boyle's Order as stating that the parties have roughly sixty days to conduct discovery, with each side limited to 5 depositions, 30 interrogatories (without subparts) and 30 requests for admission. Since Judge Boyle did not address requests for production of documents, we believe it is reasonable to interpret his Order as placing no limits other than those set forth in the Federal Rules of Civil Procedure on the number of requests. I, for one, have no intention whatsoever of doing anything that gives Judge Boyle the impression that I am delaying this case or obstructing discovery and progress to disposition. Unfortunately, you have indicated that you are interpreting Judge Boyle's Order to preclude our side from conducting any further depositions since we have already conducted more than five depositions. By that logic, I think you would agree that having served and responded to far more than 30 interrogatory requests, neither side may propound any more interrogatories, and that since the Order makes no allowance for requests for production of documents, no further document exchanges are allowed at all. In response, our position is that you cannot have it both ways. You cannot continue to conduct discovery in the form of interrogatories and document requests while claiming that the prior taking of depositions estops us from taking the five depositions allowed by Judge Boyle's Order. Therefore, if you insist on proceeding under your interpretation, we have no choice but to conclude that further document productions are not allowed. We address the depositions issue below.

2. Our Document Production. We have been ready, willing, and able to give you access to responsive documents for inspection and review if you would agree to the entry of a protective order. In my email on Wednesday evening, we lifted our position that we would not make the production available in the absence of a protective order. At no time did we intend to waive or relinquish any privilege or objections based on any applicable privilege. To be clear, we have not waived any privilege. What we said, and what we intended, was to give you full access to all responsive, non-privileged documents that are in our possession, without waiving any privileges possessed by our clients or our firm. If my prior email was not sufficiently clear on that subject, I apologize and ask that you allow this email to clarify and amplify that prior email.

3. Access to Our Office and the Documents. As I said, we are willing to give you access to the documents during the customary business hours of the courts of the Eastern District of North Carolina. That has not changed. We also indicated that if you wanted a document copied or scanned, you would need to engage a document replication or imaging company to do so. That has not changed. We expected, but did not address, that you would give us ample notice of your desire to come to our offices so that we could make space available and ensure that someone was here to oversee the production and gather documents that you sought to review. Yesterday, Carma emailed and said that she would be at our offices in 30 minutes. We do not believe that 30 minutes' notice is sufficient or reasonable. We did not raise an objection at the time, but, for future purposes, we ask that you alert us by noon the day before you come to our offices so that we can ensure that we have staff and space available for your review. Yesterday, as a courtesy, we advised Carma that we would be willing to copy or scan documents if the number of pages was small as a one-time courtesy. Carma selected documents that we have not reviewed or seen previously, and we agreed to copy them and deliver them to your office. We now know that some of the documents that were transmitted to you are privileged and must be returned to our office or destroyed. After Carma left, Carma and you began calling and emailing Eric Martinson, who is a first-year associate and the most junior lawyer working on this case, pressuring him to hurry his production of the documents. Neither of you called or emailed Kristi or me. Kristi emailed you telling you that we intended to hand-deliver the Bates-Stamped documents to your office by noon the following day (today). Rather than calling me (I would note that nearly every email I have sent you has my cell phone number on it) or calling Kristi, you drove to our offices after 5PM with the intent of confronting Eric and pressuring him to produce the documents earlier than we planned. When you arrived, you ran into me in the parking lot on my way to Richmond for court today. Despite a number of other pressing matters and issues, I agreed, again, as a courtesy, to have the documents Bates-Stamped, scanned and emailed to you within an hour. I did mention that it was not our intent to waive any privileges and that I had not reviewed the documents. Eric and Kristi emailed the documents to you within an hour of your departure from our parking deck. Now, part of me wants to believe that you wanted to receive the documents because you were leaving on vacation and planned to work while you were away and that you did not know that the documents Carma requested were protected from disclosure

under North Carolina's Nursing Home Licensure Act. However, you have since indicated that both you and Carma are out-of-pocket and not able to work since you are on vacation. So, the skeptic in me wonders: Why the rush? Why the calls and emails to a first-year associate without notifying the two partners working on the case? Why the unannounced visit to our office after hours? That part of me wonders whether you and Carma knew that the documents were privileged; that part wonders whether you believed that Kristi and I were unaware of the contents of the documents; and that part wonders whether by virtue of my email on Wednesday evening, you believed you were presented with the opportunity to secure production of that which you are not permitted to possess. I do not believe that such behavior could ever be countenanced under the Federal Rules of Civil Procedure or North Carolina's Rules of Professional Conduct, so I really want to believe that my skeptical side is wrong. I really don't believe you are that type of lawyer, but as you've said numerous times, we really don't know one another at all. Before you respond with righteous indignation, I would suggest that if my suspicions are misplaced, then you should be willing to reach an accommodation regarding non-waiver and claw back.

4. Return of Privileged Documents. Since I have returned from Richmond, Kristi, Eric and I have personally reviewed and analyzed the documents that were sent last night. We have determined that sixteen pages from the document production (02-000187-188; 02-000191-193; 02-000195-196; 02-000206; 02000217-223) are privileged and protected from disclosure by the Nursing Home Licensure Act. Will create a Privilege Log and transmit it to you and ask that you either return the documents or confirm that they have been destroyed. We are also willing to reach a different accommodation that would allow you to keep the documents, if you concede that we have not waived the privilege, which would be the best way to deal with this since there will likely be other documents of this type in the remaining boxes.

5. Depositions. For many months now, we have asked for the dates when your experts would be available to be deposed. We still don't have any dates. Given the Court's Order and our respective vacations, trials, and scheduling conflicts, getting those depositions concluded will require a great deal of cooperation. Please make the experts available, and please give us dates when they can be deposed in July. If you are not willing to do so, we will notice the depositions for dates that are convenient for us.

Rachel, I think now is the time for us to do everything in our power to set aside the vitriol, the hyperbole, and the gamesmanship. You are prosecuting a serious case. We are defending it with the utmost zeal. Let's let our cases speak for themselves and let's let good lawyering carry the day on both sides. I am available to meet in person or talk over the phone anytime you are available. GWB

gregory w. brown
brown.
4130 Parklake Avenue - Suite 130
Raleigh, North Carolina 27607
919.719.0857 (direct dial)
919.719.0858 (facsimile)
919.696.0322 (cell)
919.789.8365 (home)
www.brownlawllp.com