IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-150-BO

GERALDINE L. VANDEVENDER, Administrator )
of the Estate of DEL RAY BAIRD, deceased, and )
JACQUELINE ANN BAIRD, deceased, et al., )
    Plaintiffs, )
)
v. )     O R D E R
)
BLUE RIDGE OF RALEIGH, LLC d/b/a )
BLUE RIDGE HEALTH CARE CENTER, et al., )
    Defendants. )

This matter comes before the Court on a multitude of motions, including nine defense motions for summary judgment, plaintiffs' motion for default judgment, and defendants' motion for entry of confession of judgment. The appropriate responses and replies have been filed, and the matters are ripe for ruling. A motions hearing was held in Elizabeth City, North Carolina, on April 13, 2016.

## BACKGROUND

The three decedents in this case were all residents at a nursing home called Blue Ridge Health Care Center (BRHCC) at the time of their deaths.

Plaintiff Geraldine VanDevender is the administrator of the estates of Del Ray and Jacqueline Ann Baird. Del Ray Baird was admitted to BHRCC on December 29, 2011, at approximately 5:15 PM. Mr. Baird's family selected BHRCC because it was close to family and provided ventilator support. At the time of his admission, Mr. Baird could communicate with BHRCC staff and family members and was alert and responsive. During the night, Mr. Baird persisted in banging on his ventilator and was eventually administered Klonopin. He continued to bang on the ventilator and grab at his feed tube pump. He was then administered Ambien. Mr.

Baird continued to appear agitated throughout the night. Eventually Ativan was administered. At 2:20 AM on December 30, 2011, Mr. Baird was found unresponsive with the vent pulled off. The low pressure alarm on his ventilator was found turned to the off position. Mr. Baird was transferred to Rex Hospital and died on January 20, 2012 as the result of an anoxic brain injury.

Plaintiff Joyce K. Harrison is the administrator of the estate of Bettie Mae Kee. Bettie Mae Kee was admitted to BRHCC on June 9, 2011, for rehabilitation and ventilator care. She had been diagnosed with respiratory failure secondary to severe pulmonary hypertension and severe chronic obstructive lung disease and wanted to be near her family. BHRCC was the closest skilled nursing facility that met her needs. Ms. Kee resided at BRHCC through March 20, 2012, exclusive of hospitalizations. Ms. Kee had a number of injuries and incidents during her tenure at BHRCC, including several concerning her ventilator and tracheostomy (trach). On March 16, 2012, Ms. Kee reportedly removed her trach tube, appeared panicked, and was administered Ativan. The next day, March 17, Ms. Kee's trach was found removed nine times through the night. On March 18, Ms. Kee's trach was found removed three times. Ms. Kee also fell that day. On March 19, Ms. Kee fell three times. She fell asleep in her chair that night. At 3:15AM on March 20, 2012, Ms. Kee was found dead, holding her trach in her left hand.

Plaintiffs Norwood Jones, Lisa Pate, and Ralph Jones, Jr. are co-executors of the estate of Elizabeth Jones. Elizabeth Jones was admitted to BRHCC on March 7, 2011. She had been diagnosed with respiratory failure and required a ventilator via trach. BHRCC was the closest skilled nursing facility that met her needs. Ms. Jones resided at BRHCC from March 2011 to March 2012, exclusive of hospitalizations. Ms. Jones developed several infections during that time, including a urinary tract infection for which Ms. Jones was admitted to Rex Hospital from December 22, 2011, to February 6, 2012. She was then admitted to Select Specialty Hospital

2

from February 6, 2012, to March 2, 2012. On March 2, 2012, Ms. Jones returned to BRHCC; her son, Don, was with her. At some point that day, Ms. Jones's ventilator low pressure alarm sounded. Don sought help, and a BRHCC staffer turned off the alarm. Later, a respiratory therapist came to the room, confirmed to Don that the ventilator alarm sounded because it had zero tidal volume, and said she would return to change Ms. Jones's trach after tending to another patient. The respiratory therapist eventually returned and did not clean the area around the tube before changing it. Ms. Jones died on March 2, 2012—the same day she was readmitted to BRHCC.

Representatives of decedents initially brought this case in state court, and it was removed by defendants to federal court. It is now before the Court on a number of pending motions.

## DISCUSSION

I.  Motions for Summary Judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the

[nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

      a. Defendants' Motion for Summary Judgment Against VanDevender (Baird) [DE 117] and Defendants' Motion for Summary Judgment Against Harrison (Kee) [DE 119]

Defendants have moved for summary judgment against plaintiffs VanDevender (as administrator of the estate of Jacqueline Ann Baird, deceased, wife of Del Ray Baird) and Joyce K. Harrison (as administrator of the estate of Samuel Kee, Sr., deceased, husband of Bettie Mae Kee). [DE 117, 119]. Plaintiffs submitted a joint response in opposition. The spousal claims at issue here are for loss of consortium (encompassed by the wrongful death claim) and intentional and/or negligent infliction of emotional distress. The Court finds that the effect on the surviving spouses of the loss of their respective spouses, as well as the effect on the surviving spouses of witnessing the care the decedent spouses received at BRHCC while living, presents an issue of fact which is inappropriate for summary judgment. Accordingly, defendants' motions for summary judgment against plaintiffs VanDevender and Harrison in these capacities are DENIED. [DE 117, 119].

      b. Motion for Summary Judgment Filed By Defendant Care One [DE 121]

Defendant Care One, LLC ("Care One"), has moved for summary judgment against all plaintiffs. [DE 121]. Care One asserts it had no relationship to the allegations made by plaintiffs, owed (and thus breached) no duty of care, and that its acts/omissions neither caused nor contributed to the residents' deaths. Plaintiffs counter that Care One was directly involved in the management of BRHCC and, thus, should be held directly liable for the violations in this case. The nature and extent of Care One's involvement in the management of BRHCC and/or Care

4

Virginia and, thus, its role in each of the claims put forth by plaintiffs (including whether such conduct was willful or wanton), are genuine issues of material fact that are inappropriate for resolution by summary judgment.

As to Care One's argument that the Court lacks personal jurisdiction over Care One, the Court has already determined that Care One is subject to personal jurisdiction in the instant matter. [DE 40]. The Court sees no reason from filings presently before it to disturb that ruling and, thus, declines to do.

For the above reasons, Care One's motion for summary judgment is DENIED. [DE 121].

    c. Motion for Summary Judgment Against VanDevender (Baird) by Defendant Blue Ridge of Raleigh [DE 124]; Motion for Summary Judgment Against Harrison (Kee) by Defendant Blue Ridge of Raleigh [DE 130]; Motion for Summary Judgment Against Jones/Jones/Pate (Jones) by Defendant Blue Ridge of Raleigh [DE 132]

Defendant Blue Ridge of Raleigh moved for summary judgment against plaintiffs VanDevender, Harrison, and Jones/Jones/Pate as to all claims in plaintiffs' amended complaint. [DE 124, 130, 132]. Plaintiffs have responded in opposition.

As to claim one, professional negligence, there are genuine issues of material fact as to, but not necessarily limited to, whether there was a violation of the appropriate standard of care and whether such violation was the proximate cause of injury to plaintiffs. As to claim two, corporate negligence, there is a genuine issue of material fact as to, but not necessarily limited to, whether there was a violation of the appropriate standard of care, including, but not necessarily limited to, whether patients were being sufficiently monitored, whether staff were competent, and whether policies and protocols were proper. As to claim three, ordinary negligence, there is a genuine issue of material fact as to, but not necessarily limited to, whether matters such as the supplies and conditions at BRHCC were appropriate and, if not, to what extent they adversely

5

affected the decedents. As to claim four, wrongful death (survival actions having been discussed *supra*), there is a genuine issue of material fact as to, but not necessarily limited to, whether the care provided by defendant at BRHCC was the proximate cause of the injury to plaintiffs, specifically, the deaths of the decedent residents. As to claim five, intentional and negligent infliction of emotional distress, there are genuine issues of material fact as to, but not necessarily limited to, whether defendant's conduct was extreme or outrageous and whether plaintiffs indeed suffered severe emotional distress. As to claim six, breach of contract, there is a genuine issue of material fact as to, but not necessarily limited to, whether any contract benefits at issue in this case related to matters of dignity, mental concern, and solicitude, and, if so, whether resulting emotional distress or mental anguish occurred. As to claim seven, punitive damages, there is a genuine issue of material fact as to, but not necessarily limited to, whether defendant's conduct was willful or wanton.

For all the above reasons, the Court hereby DENIES defendant Blue Ridge of Raleigh's motions for summary judgment against plaintiffs VanDevender, Harrison, and Jones/Jones/Pate. [DE 124, 130, 132].

> d. Motion for Summary Judgment Against VanDevender (Baird) by Defendant Care Virginia Management [DE 127]; Motion for Summary Judgment Against Harrison (Kee) by Defendant Care Virginia Management [DE 129]; Motion for Summary Judgment Against Jones/Jones/Pate (Jones) by Defendant Care Virginia Management [DE 131]

Defendant Care Virginia Management ("Care Virginia") has also moved for summary judgment against plaintiffs VanDevender, Harrison, and Jones/Jones/Pate. [DE 127, 129, 131]. These motions for summary judgment are substantially identical to those filed against the same plaintiffs by defendant Blue Ridge of Raleigh, except one argument has been added to Care Virginia's motions. It will be addressed presently. Care Virginia's remaining arguments for

6

summary judgment against these plaintiffs are considered resolved by the above discussion of the same arguments as made by defendant Blue Ridge of Raleigh.

Care Virginia argues that plaintiff has failed to supply sufficient evidence demonstrating that Care Virginia had an agency relationship with Blue Ridge and is, thus, vicariously liable. Defendants argue that whether such an agency relationship existed is to be determined by the degree of supervision and control exercised by Care Virginia over Blue Ridge. Plaintiffs respond that they seek to hold Care Virginia directly liable. The Court finds that the nature of the relationship between Care Virginia and Blue Ridge as well as Care Virginia's role in managing BRHCC present genuine issues of material fact for trial. Thus, summary judgment on this ground is improper and DENIED. [DE 127, 129, 131].

II.     Defendants' Motion to Strike [DE 179]

Defendants have moved to strike from plaintiffs' responses to the motions for summary judgment certain statements which they claim are inadmissible hearsay and/or impermissible opinions of "hybrid" witnesses. [DE 179]. Plaintiffs have responded in opposition.

The Court finds that striking is a drastic remedy that is generally disfavored and not presently appropriate. *See* Fed. R. Civ. P. 12(f); *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). The Court can address any admissibility concerns at trial. Accordingly, defendants' motion to strike is hereby DENIED. [DE 179].

III.    Plaintiffs' Motion for Default Judgment [DE 193]

On February 5, 2016, plaintiffs moved for default judgment. [DE 193]. Default and default judgment are governed by Federal Rule of Civil Procedure 55. Procedurally, default must precede default judgment. To obtain a default, the moving party must demonstrate that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

7

defend." Fed. R. Civ. P. 55(a). If the party against whom a judgment for affirmative relief is sought *has* pled or otherwise defended, then the moving party must first move to strike opposing party's answer. *See* Fed. R. Civ. P. 12(f). The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Motions to strike are generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

Here, plaintiffs have not sufficiently demonstrated that defendants' answer should be stricken. Plaintiffs have not claimed that defendants have defendants have failed to plead or otherwise defend, nor have they claimed that defendants pled an insufficient defense or otherwise unacceptable matter.

Plaintiffs have also sought relief under Federal Rule of Civil Procedure 37, which permits sanctions against a party for not obeying a discovery order. Such sanctions are a matter of discretion for the Court where the action is pending. *See* Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending *may* issue further just orders. They *may* include the following . . .") (emphasis added). Here, the Court, in its discretion, declines to issue such sanctions.

For all these reasons, plaintiffs' motion for default judgment is DENIED. [DE 193].

IV. Defendants' Motion for Entry of Confession of Judgment and Entry of Final Judgment [DE 199]

On March 11, 2016, defendants filed a motion for entry of confession of judgment and entry of final judgment. [DE 199]. In this motion, defendants proposed to enter a declaration of confession of judgment accepting all liability and simultaneously deposit $750,000.00 into an escrow account as the "full amount" plaintiffs could receive in damages, thus eliminating the

8

issues of liability and damages and ending the case. Defendants sought this relief pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a).

In its discretion, the Court declines to take such action. The motion for entry of confession of judgment and entry of final judgment is hereby DENIED. [DE 199].

## CONCLUSION

For the reasons discussed above, the pending motions in this matter are disposed of as follows:

- Defendants' motions for summary judgment against the survivor claims of plaintiffs VanDevender and Harrison are DENIED. [DE 117, 119].

- Defendant Care One's motion for summary judgment is DENIED. [DE 121].

- Defendant Blue Ridge of Raleigh's motions for summary judgment are DENIED. [DE 124, 130, 132].

- Defendant Care Virginia's motions for summary judgment are DENIED. [DE 127, 129, 131].

- Defendants' motion to strike is DENIED. [DE 179].

- Plaintiffs' motion for default judgment is DENIED. [DE 193].

- Defendants' motion for entry of confession of judgment and entry of final judgment is DENIED. [DE 199].

- Finally, all motions for leave to file excess pages are GRANTED. [DE 123, 126, 133, 134, 135, 136, 156, 158, 161].

The Court will set a date for trial in this matter by notice at a later date.

SO ORDERED, this _20_ day of May, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE