IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-150-BO

| | |
|---|---|
| GERALDINE L. VANDEVENDER, Administrator )<br>of the Estate of DEL RAY BAIRD, deceased, and )<br>JACQUELINE ANN BAIRD, deceased, et al., )<br>       )<br>    Plaintiffs, )<br>       )<br>v. )<br>       )<br>BLUE RIDGE OF RALEIGH, LLC d/b/a )<br>BLUE RIDGE HEALTH CARE CENTER, et al., )<br>       )<br>    Defendants. ) | O R D E R |

This matter is before the Court on plaintiffs' motion in limine to admit certified business records pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence. Defendants have responded in opposition, and the motion is ripe for ruling. For the reasons discussed below, the motion in limine is denied without prejudice.

## DISCUSSION

Plaintiffs seek admission at trial of certain of defendants' business records by written certification of the relevant qualified witness pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence. Plaintiffs seek admission of these records prior to trial as a means by which to make the trial more efficient. Rule 803(6) "excepts records of regularly conducted activity from the disqualifying consequence of the hearsay rule." *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 700–01 (E.D. Va. 2004). Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness." Fed. R. Evid. 902(11), Advisory Committee's Notes.

Defendants object to the admission of these records prior to trial on several grounds. Defendants challenge plaintiffs' proffered custodian of the business records, contend that many of the records contain hearsay statements, resulting in double hearsay, which will require a ruling on admissibility under some other exception to the rule against hearsay in order to be admitted, and object to many of the documents plaintiffs seek to be admitted on the grounds that they are evidence of subsequent remedial measures and on the ground that they are irrelevant.

In light of the nature of defendants' objections, the Court denies plaintiffs' motion in limine as premature. The proffered documents not stipulated as admissible in the final pretrial order may be offered into evidence at trial at which time defendants may object to their admission.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion in limine [DE 230] is DENIED without prejudice. Plaintiffs may seek admission of these records at trial in the manner they deem most efficient.

The jury trial in this matter is hereby SCHEDULED for February 13, 2017. The time and location of the trial shall be set by separate order. The assigned United States Magistrate Judge shall conduct a pretrial conference in accordance with this trial setting and shall consider plaintiffs' motion for preliminary or working pretrial conference.

SO ORDERED.

This the 22 day of November, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE